No. 17,981.

A. C. RICHARDSON, *Appellee,* v. W. L. RENNER, *Appellant.*

HEADNOTE BY THE REPORTER.

FARMING CONTRACT—*Wrongfully Procured.* The evidence was sufficient to support the finding that the owner of land, by reason of physical pain and suffering, was not in mental condition to read and understand the force of a written contract relating to the farming of his land at the time he signed it.

Appeal from Graham district court; CHARLES W. SMITH, judge. Opinion filed February 7, 1914. Affirmed.

*F. D. Turck,* of Hill City, *James S. Taylor,* and *Thomas C. Taylor, jr.,* both of Iola, for the appellant.

*W. L. Sayers,* of Hill City, for the appellee.

*Per Curiam:* This action was brought to recover $300 as the agreed price for breaking 150 acres of prairie sod land. The action was brought upon a verbal contract which provided, according to the evidence, that the appellee should break 160 acres of land for the appellant in the spring and summer of 1910 and should plant as much of the land to sod corn as could be planted in proper season; that on September 1, 1910, appellee was to have the option to accept the sod-corn crop as compensation for the breaking of the land that

had been planted to corn or to have $2.50 per acre for all the land broken and planted to corn and $2 for the land broken and not planted; that it was verbally agreed that the appellee should lease the land for wheat to be sown in the fall of 1910. It was alleged that on February 19, 1910, appellant prepared a written contract and procured appellee to sign the same; that by mistake and oversight on appellee's part and by fraud or mistake on the part of the appellant the instrument failed to express the true contract, verbally agreed upon by the parties. A copy of the written contract was attached to the petition. By its terms the appellee agreed to break the entire quarter section described and to plant the same to corn, the breaking and planting to be done in the proper season of 1910, and that the consideration appellee was to have for the breaking was the sod-corn crop.

The appellant, in answer, denied all facts not expressly admitted, admitted the execution of the written contract, alleged that it fully and completely stated the agreement between the parties, alleged that the only consideration agreed upon for the breaking of the land was the sod-corn crop to be planted thereon by the appellee, and that appellee failed and neglected to plant the corn on any of the land broken as agreed upon, and appellant prayed for judgment for costs.

A jury was impaneled to try the case. Evidence of a surgeon was introduced that on the day the contract was executed he had attended the appellee for a dislocated shoulder and had set the shoulder; that appellee seemed to be in great pain; that he was with the patient about an hour and left him suffering and in a nervous condition.

Appellee testified that on the day previous to the execution of the contract he had been thrown from a horse and had his shoulder dislocated; that he went to town on February 19, 1910, and had the shoulder

set, and thereafter met appellant who asked him if he could draw up a contract that day and he said he could; that he told the appellant that he wanted the contract to be written so they would undersand it; that appellant said "All right." Appellee testified, in substance, that appellant repeated the contract orally as they had agreed upon it; that they went into a bank and appellant wrote the contract; that appellee was standing by appellant a part of the time he was writing and part of the time appellee was walking around; that his shoulder pained him so he could not stand still; that appellee read a part of the contract as it was being written but did not read the entire contract; that at the time he signed the contract he believed it contained the provisions that the appellant had told him.

The appellant testified and gave a different version of the verbal contract, and testified, in substance, that the written contract was in accordance with the verbal contract. Some other witnesses testified but their evidence did not bear upon the question whether the appellee was in a condition, at the time of signing the written contract, to "read and understand it."

The case was submitted to the jury under proper instructions given by the court, the substance of which was that the appellee was bound by the written contract signed by him unless the jury should find that he was entitled, under the rules given them, to avoid it; that if the appellee had an opportunity to read the contract and was able to read and understand it at the time he is bound by it. The jury returned a verdict for the appellee and, while the evidence is such that different minds might come to different conclusions, we think there was evidence from which a jury might reasonably believe that the appellee was not in mental condition to read and understand the force of the con-

tract at the time he signed it.  The trial court also seems to have come to the same conclusion and rendered judgment in accordance with the verdict.

The judgment is affirmed.